1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11  JOHN B. FRATI,                              )   No. C 10-2686 LHK (PR)
                                                )
12             Plaintiff,                        )   ORDER OF DISMISSAL WITH
                                                )   LEAVE TO AMEND
13      v.                                      )
                                                )
14  CITY AND COUNTY OF SAN                      )
    FRANCISCO DEPARTMENT OF PUBLIC              )
15  HEALTH and DIRECTOR DR.                     )
    GOLDENSON,                                  )
16                                              )
               Defendants.                      )
17  _____)

18        Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42

19  U.S.C. § 1983 against the City and County of San Francisco Department of Public Health and

20  Director Dr. Goldenson.  Plaintiff's motion for leave to proceed in forma pauperis is granted in a

21  separate order.  For the reasons stated below, the Court dismisses the complaint with leave to

22  amend.

23                                    **DISCUSSION**

24  A.      Standard of Review

25        A federal court must conduct a preliminary screening in any case in which a prisoner

26  seeks redress from a governmental entity or officer or employee of a governmental entity.  *See*

27  28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims and dismiss

28  any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

1  seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C.

2  § 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See Balistreri v.*

3  *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

4      To state a claim under 42 U.S.C. § 1983, Plaintiff must allege two essential elements: (1)

5  that a right secured by the Constitution or laws of the United States was violated, and (2) that the

6  alleged violation was committed by a person acting under the color of state law.  *See West v.*

7  *Atkins*, 487 U.S. 42, 48 (1988).

8  B.    Plaintiff's Claims

9      According to the complaint, on April 26, 2010, Plaintiff suffered a fracture on his left

10  hand when he arrived at San Francisco County Jail.  Although he requested medical help and an

11  x-ray, it appears he did not receive it.  On May 10, 2010, a doctor recommended that the hand be

12  broken again and re-set so that Plaintiff could obtain normal use of his hand.  Plaintiff claims

13  that the delay in medical treatment caused him great pain and resulted in a deformity in his hand.

14      In its current form, Plaintiff's complaint does not state a cognizable claim for relief.  It

15  appears that he is trying to allege that Defendants were deliberately indifferent to his medical

16  needs, but he fails to support this claim with sufficient facts.  A determination of "deliberate

17  indifference" involves an examination of two elements: the seriousness of the prisoner's medical

18  need and the nature of the defendant's response to that need.  *See McGuckin v. Smith*, 974 F.2d

19  1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104

20  F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A "serious" medical need exists if the failure to treat

21  a prisoner's condition could result in further significant injury or the "unnecessary and wanton

22  infliction of pain." *McGuckin*, 974 F.2d at 1059.  And, a prison official is deliberately indifferent

23  if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by

24  failing to take reasonable steps to abate it.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

25  Plaintiff should be aware that a claim of medical malpractice or negligence is insufficient to

26  make out a violation of the Eighth Amendment.  *See Toguchi v. Chung*, 391 F.3d 1051, 1060-61

27  (9th Cir. 2004).

28      Because Plaintiff's complaint is insufficient to state a cognizable civil rights claim, he

1  must file an amended complaint that cures the deficiencies identified in this order if he can do so

2  in good faith.

3        First, the amended complaint must allege facts that show constitutional violations.  The

4  amended complaint should describe what happened, when it happened, and how it violated his

5  constitutional rights.  Although the amended complaint need not provide every specific detail of

6  the incident, the allegations need to be more detailed than that used in the original complaint.

7  For example, Plaintiff should explain how he requested medical aid; how many times he

8  requested medical aid; what response, if any, he received; and from whom.  As the complaint

9  currently reads, the Court cannot determine whether Plaintiff has a cognizable claim for a

10 deliberate indifference to a serious medical need or any other constitutional violation.

11       Second, although the complaint names defendants, it does not link any defendant to the

12 allegations.  In addition to providing factual information to show that constitutional violations

13 occurred (as discussed above), Plaintiff must allege in his amended complaint who caused those

14 constitutional violations.  He needs to link each defendant to the claims by alleging facts

15 showing the basis for liability for each individual defendant.  He should not refer to them as a

16 group (e.g., "the defendants" or "the medical staff"); rather, he should identify each involved

17 person by name and link each of them to the claim(s) by explaining what each defendant did or

18 failed to do that caused a violation of his constitutional rights.  *See Leer v. Murphy*, 844 F.2d

19 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if

20 plaintiff can show that defendant proximately caused deprivation of federally protected right).

21       Third, Plaintiff names the City and County of San Francisco Department of Public Health

22 as a defendant.  While local governments are "persons" subject to liability under 42 U.S.C.

23 § 1983 where official policy or custom causes a constitutional tort, *see Monell v. Dep't. of Social

24 Servs.*, 436 U.S. 658, 690 (1978), a city or county may not be held vicariously liable for the

25 unconstitutional acts of its employees under the theory of respondeat superior, *see Board of

26 County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997).  Thus, to impose municipal liability under

27 § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that he possessed a

28 constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3)

1  that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4)

2  that the policy is the moving force behind the constitutional violation.  *See Plumeau v. School*

3  *Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997).  Plaintiff's complaint fails to

4  demonstrate any of these requirements.

5      Fourth, Plaintiff also names Director Dr. Goldenson as a defendant.  Under no

6  circumstances is there liability under section 1983 solely because one is responsible for the

7  actions or omissions of another.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Absent

8  vicarious liability, each Government official, his or her title notwithstanding, is only liable for

9  his or her own misconduct."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  As stated above,

10  Plaintiff fails to link Goldenson to any constitutional violation.

**CONCLUSION**

12      For the foregoing reasons, the court hereby orders as follows:

13      1.      The Court DISMISSES the complaint with leave to amend.

14      2.      Plaintiff shall file an AMENDED COMPLAINT within **thirty days** from the date

15  this order is filed to cure the deficiencies described above if he can do so in good faith.  The

16  amended complaint must include the caption and civil case number used in this order (C 10-2686

17  LHK (PR)) and the words AMENDED COMPLAINT on the first page.  Plaintiff may not

18  incorporate material from the prior complaint by reference.  **Failure to file an amended**

19  **complaint within thirty days and in accordance with this order will result in dismissal of**

20  **this action.**

21      3.      Plaintiff is advised that an amended complaint supersedes the original complaint.

22  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged

23  in the amended complaint."  *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

24  Defendants not named in an amended complaint are no longer defendants.  *See Ferdik v.*

25  *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

26      4.      It is the Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

27  Court informed of any change of address by filing a separate paper with the clerk headed "Notice

28  of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to

do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:  10/12/2010

_____
LUCY H. KOH
United States District Judge